# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYNN ENGLISH, | Honorable Claire C. Cecchi, U.S.D.J. |
| Plaintiff, | Civil Action No. 13 CV 2028 (CCC) (JAD) |
| vs. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, BANK OF AMERICA N.A., | **Oral Argument Requested** <br><br> **Return Date: May 6, 2013** |
| Defendants. | |

**DEFENDANTS BANK OF AMERICA N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, NJ 07102
(973) 848-7676
Jeffrey P. Catenacci

*Attorneys for Defendants*
*Bank of America, N.A. and*
*Federal National Mortgage Association*

**TABLE OF CONTENTS**

**Page**

ALLEGATIONS ............................................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.       Standard of Review ................................................................................................2

    II.      Plaintiff's Request for Declaratory Judgment and Action to Quiet Title are Based on Her Erroneous Understanding of the Mortgage and Assignments (Counts One Through Eight) .......................................................3

            A.     Insofar As Plaintiff's Claim Arises Out of the Transfer of Her Promissory Note and Mortgage, Those Documents Bar Her Claims. ........................................................................................4

            B.     Plaintiff Lacks Standing to Claim a Violation of the Pooling and Servicing Agreement. ...............................................................4

            C.     Plaintiff's Challenge to the Validity of the Mortgage Assignment Fails for Want of Specificity .....................................................6

CONCLUSION ................................................................................................................. 7

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................2

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ...................................................................................2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................2, 3, 7

*Bleavins v. Demarest*,
   196 Cal. App. 4th 1533, 127 Cal. Rptr. 3d 580 (2011) ..........................................5

*Broadway Maintenance Corp. v. Rutgers*,
   90 N.J. 253 (1982) ..................................................................................................5

*Cerecedes v. U.S. Bankcorp*,
   No. CV–11–219–CAS, 2011 WL 2711071 (C.D. Cal. July 11, 2011) ...................7

*Glenn v. Hayman*,
   No. 07–112, 2007 WL 894213 (D.N.J. March 21, 2007) .......................................5

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997) .................................................................................2

*Juarez v. U.S. Bank Nat. Ass'n*,
   No. 11–10318–DJC, 2011 WL 5330465 (D. Mass. Nov. 4, 2011) .........................5

*Liebling v. Garden State Indem.*,
   337 N.J. Super. 447 (App. Div. 2001) ....................................................................6

*Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, LLC*,
   717 F. Supp. 2d 724 (E.D. Mich. 2010) .................................................................5

*Milburn v. Aegis Wholesale Corp.*,
   No. 1:12–CV–01886–RWS, 2013 WL 1136983 (N.D. Ga. March 18, 2013) ........7

*Noble v. Maxim Healthcare Services, Inc.*,
   No. 12–cv–2227, 2012 WL 3019443 (D.N.J. July 24, 2012) .................................2

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993) .................................................................................2

*Rezem Family Assocs., L.P. v. Borough of Millstone Council*,
  423 N.J. Super. 103 (App. Div. 2011) ..................................................................................6

*Sohal v. Federal Home Loan Mortg. Corp.*,
  No. C–11–01941–JSW, 2011 WL 3842195 (N.D. Cal. Aug. 30, 2011) ...............................7

*Velasco v. Sec. Nat'l Mortg. Co.*,
  No. 10–00239 DAE KSC, 2011 WL 4899935 (D. Haw. Oct. 14, 2011)...............................5

**STATUTES**

N.J.S.A. 2A:62-1..............................................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2)......................................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 2, 7

Defendants, Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae," and together with BANA, the "Mortgage Defendants"), by and through their attorneys, respectfully submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint (the "Complaint" or "Compl.")[1] by Plaintiff, Marilynn English ("Plaintiff") for failure to state any cognizable claim for relief.

## ALLEGATIONS

Plaintiff is a residential mortgage borrower who alleges minimal facts to support what is essentially a claim to quiet title. A careful reading of the Complaint reveals not a single factual allegation of wrongful conduct by Mortgage Defendants. Indeed, the main thrust of the allegations in the Complaint consists of a recitation of elements from various sources including a Congressional report and the Uniform Commercial Code ("UCC"). *See* Compl. at 10-13, 16. According to Plaintiff's Complaint, Plaintiff owns real property located at 97 Pease Avenue, Verona, New Jersey (the "Property"). Compl. at 2. She further alleges that she acquired ownership to the Property on September 19, 1988, and refinanced her mortgage loan with America's Wholesale Lender on March 21, 2003. *See* Compl. at 4. Upon execution of the Mortgage, Plaintiff assigned it to Mortgage Electronic Registration Systems, Inc. ("MERS") as a "nominee for the Lender and Lender's successors and assigns." (*See* Declaration of Jeffrey P. Catenacci, Exhibit 1 at p.1). MERS recorded its Assignment of the Mortgage to BAC Home Loans Servicing, LP in Essex County on May 27, 2011.[2] *See* Plaintiff's Ex. 2 to the Complaint. Plaintiff leaps to the conclusion that because she contests Mortgage Defendants'

---

[1] Each reference to the "Complaint" or "Compl." refers to Plaintiff's Amended Complaint filed on February 27, 2013 (*See* Exhibit 1 to the Notice of Removal (Docket Entry #1)).
[2] BAC Home Loans Servicing, LP merged with and into BANA on July 1, 2011.

interest in the Mortgage and Note, she is entitled to a judgment quieting the title to the Property against the Mortgage Defendants' interests. *See generally* Compl.

Plaintiff provides no factual basis for her conclusions, nor does the Complaint allege anything constituting a cognizable claim that invalidates the Mortgage Defendants' interests. The Court should dismiss this deficient Complaint.

## ARGUMENT

### I. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted when, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). However, "factual allegations must be enough to raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (discussing plausibility standard).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 1949. This Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court may consider the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Doing so does not convert the motion to dismiss into a motion for summary judgment. *Noble v. Maxim*

2

*Healthcare Services, Inc.*, No. 12–cv–2227, 2012 WL 3019443, at *5 (D.N.J. July 24, 2012).

Here, the Complaint is devoid of any facts that could lead this Court to conclude that Plaintiff is entitled to the relief she seeks. Therefore, the Complaint should be dismissed with prejudice.

II. **PLAINTIFF'S REQUEST FOR DECLARATORY JUDGMENT AND ACTION TO QUIET TITLE ARE BASED ON HER ERRONEOUS UNDERSTANDING OF THE MORTGAGE AND ASSIGNMENTS (COUNTS ONE THROUGH EIGHT)**

Plaintiff asserts numerous bald allegations in her 16-page Complaint. However, all of her claims (Count One through Eight) can be summarized as an attempt to challenge the validity of the Note and Mortgage, and seeking equitable relief to obtain title to her property free and clear. *See* generally Compl. Plaintiff is just wrong.

In the event of competing claims to land, New Jersey's quiet title statute allows a plaintiff to maintain an action to "clear up all doubts and disputes concerning the same." N.J.S.A. 2A:62-1. The statute contemplates that a plaintiff's complaint will spell out the nature of the competing claims. Similarly, Fed. R. Civ. P. 8(a)(2) directs a pleader to set forth a "short and plain statement" showing that he is entitled to relief. In short, a claim to quiet title requires a plaintiff to allege facts showing that a defendant's competing interest to property is somehow wrongful.

In the present case, Plaintiff fails to make any such allegation. Her allegations consist of generalities relating to securitization of mortgages, or conclusory statements conflating ownership of her Property, the Promissory Note, and investment on the Loan. *See* Compl. at 4-6, 8. For example, on page 13 of the Complaint, she confuses assignments in the context of promissory notes with assignments of the Mortgage. *See* Compl. at 13. This type of pleading does not raise a right to relief above a speculative level, as required by *Twombly*. 550 U.S. at

3

555. Thus, the Complaint fails to state a viable claim and should be dismissed as a matter of law.

## A. Insofar As Plaintiff's Claim Arises Out of the Transfer of Her Promissory Note and Mortgage, Those Documents Bar Her Claims.

Plaintiff's entire Complaint contains conclusory allegations challenging the proper transfer or assignment of the Note and Mortgage. Plaintiff's claims fail to the extent she is alleging that transfers of the Note and Mortgage were improper; the mortgage documents she signed expressly allow for such transfers or assignments.

Both the Note and Mortgage expressly state that they may be transferred. Specifically, the Note states, "I understand that Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder'." (*See* Declaration of Jeffrey P. Catenacci, Exhibit 2 at p.1). Similarly, the Mortgage states that, "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." (*See* Declaration of Jeffrey P. Catenacci, Exhibit 1 at ¶ 20). Thus, there is no question MERS, on behalf of the original lender, America's Wholesale Lender, had the right to assign the Mortgage. Accordingly, Plaintiff's claims with respect to that transfer are without any basis in law or fact.

## B. Plaintiff Lacks Standing to Claim a Violation of the Pooling and Servicing Agreement.

Plaintiff's additional theory underlying her claims concerns the Note's transfer into a pooling and servicing agreement ("PSA"). Plaintiff alleges that this transfer was not accomplished because "endorsements on the note are required[,]" and "[a] minimum of three assignments on the loan within a 90-day period after closing are required." Compl. at 13.

4

However, it is well-established that a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract.

A plaintiff that is a non-party to a contract has no standing to sue for violations of said contract. *See Glenn v. Hayman*, No. 07–112, 2007 WL 894213, at *10 n.15 (D.N.J. March 21, 2007) ("Plaintiffs, non-parties to Defendants' contracts, have no standing to sue for this alleged non-performance."). Absent an intent to recognize a right to performance in a third party, the party is merely an incidental beneficiary with no contractual standing. *See Broadway Maintenance Corp. v. Rutgers*, 90 N.J. 253, 259 (1982).

Nowhere does the PSA at issue grant Plaintiff any right of performance. Plaintiff's claims alleged irregularities in the securitization process and/or violations of the pooling and servicing agreement fail because Plaintiff does not have standing to challenge the assignment of the Note. *See Glenn*, 2007 WL 894213 at *10 n.15. This is also the rule in numerous jurisdictions across the country. *See Bleavins v. Demarest*, 196 Cal. App. 4th 1533, 1542, 127 Cal. Rptr. 3d 580 (2011) ("Someone who is not a party to a contract has no standing to challenge the performance of the contract . . . ." (internal quotation marks and alterations omitted)); *see also Velasco v. Sec. Nat'l Mortg. Co.*, No. 10–00239 DAE KSC, 2011 WL 4899935, at *4 (D. Haw. Oct. 14, 2011) ("[A]s strangers to the Assignment and without any evidence or reason to believe that they are intended beneficiaries of that contract, Plaintiffs may not dispute the validity of the Assignment."); *Livonia Prop. Holdings, L.L.C. v. 12840–12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) (holding that a plaintiff who was not and is not a party to any assignments or pooling and servicing agreement at issue "lacks standing to challenge their validity or the parties' compliance with those contracts"); *Juarez v. U.S. Bank Nat. Ass'n*, No. 11–10318–DJC, 2011 WL 5330465, at

5

*4 (D. Mass. Nov. 4, 2011) (holding that a mortgagor does not have standing to challenge a foreclosure on the basis of the non-compliance of an assignment with the provisions of the PSA). As such, any claim based on violation of the PSA fails.

### C. Plaintiff's Challenge to the Validity of the Mortgage Assignment Fails for Want of Specificity.

Plaintiff alleges that the Mortgage Assignment recorded in the Essex County Registry of Deeds (attached to her Complaint as Exhibit 2) is invalid because the assignment was signed by an alleged "robo-signer." Compl. at 14. However, Plaintiff offers only bare assertions such as, "Chester Levings is confirmed in the McDonnell Property Analytics approved Robo-signers [sic] list," and "Srubui Muradyan, is a suspected robo-signer." *Id.* Plaintiff then goes on to allege generalities relating to robo-signing without making a specific allegation regarding her loan.[3] *Id.*

This fails to meet the minimum pleading requirement. Plaintiff cannot base her claim on her allegation that the Assignment was somehow fraudulent, because she was not a party to the Assignment and she does not allege any facts indicating that she relied on the Assignment to her detriment.[4] *See Liebling v. Garden State Indem.*, 337 N.J. Super. 447, 453 (App. Div. 2001) (holding that a claim for fraud requires "(1) a material misrepresentation of a presently existing or past fact; (2) the maker's intent that the other party rely on it; and (3) detrimental reliance by the other party). Furthermore, courts around the country have consistently refused to find that a plaintiff can state a claim on the basis of a conclusory allegation of robo-signing,

---

[3]  Plaintiff also alleges violations of the Federal RICO statute and Fair Debt Collection Act. However, she fails to allege any supporting facts. As such, Plaintiff fails to state a claim under these statutes.

[4]  To the extent that Plaintiff is asserting a claim for conspiracy to commit fraud, there can be no conspiracy if there is no underlying cause of action. *See Rezem Family Assocs., L.P. v. Borough of Millstone Council*, 423 N.J. Super. 103, 122 (App. Div. 2011).

6

absent some factual support. *See Cerecedes v. U.S. Bankcorp*, No. CV–11–219–CAS, 2011 WL 2711071, at *5 (C.D. Cal. July 11, 2011) (dismissing a claim based on robo-signing allegations stating that, while "mindful of reports that financial institutions were using so-called 'robo-signers' to improperly sign documents used in the foreclosure process[,] ... Rule 9(b) and *Twombly* require plaintiffs to set forth more than bare allegations of 'robo-signing' without any factual support"); *Sohal v. Federal Home Loan Mortg. Corp.*, No. C–11–01941–JSW, 2011 WL 3842195, at *5 (N.D. Cal. Aug. 30, 2011) (dismissing a wrongful foreclosure claim based on robo-signing where plaintiffs did not allege facts setting forth the basis on which they were informed or believed that those allegations were true); *Milburn v. Aegis Wholesale Corp.*, No. 1:12–CV–01886–RWS, 2013 WL 1136983 (N.D. Ga. March 18, 2013) (holding that there is no cause of action for "robo-signing"). Accordingly, the Court should dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For the foregoing reasons, the Court should grant Mortgage Defendants' motion and, pursuant to Fed. R. Civ. P. 12(b)(6), dismiss Plaintiff's Complaint in its entirety, with prejudice, for failure to state a claim.

                                        WINSTON & STRAWN LLP
                                        *Attorneys for Defendants*
                                        *Bank of America N.A. and*
                                        *Federal National Mortgage Association*

                                By:   *s/ Jeffrey P. Catenacci*
                                          Jeffrey P. Catenacci
                                          jcatenacci@winston.com

Dated: April 8, 2013

**OF COUNSEL**:

Gonzalo E. Frias
WINSTON & STRAWN LLP
100 N. Tryon Street
Charlotte, NC 28202
(704) 350-7700
gfrias@winston.com