NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARILYNN ENGLISH | : | |
| Plaintiff, | : | Civil Action No. 13-2028(CCC) |
| v. | : | |
| | : | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, BANK OF AMERICA N.A. | : | OPINION |
| Defendants. | : | |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on Defendants Bank of America, N.A. and Federal National Mortgage Association's (collectively, "Defendants") Motion to Dismiss Plaintiff Marilynn English's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. R. 78(b), no oral argument was heard.[1]  Based on the reasons that follow, Defendants' motion to dismiss is granted without prejudice. Plaintiff is granted thirty (30) days in which to file an Amended Complaint that cures the pleading deficiencies discussed below.

---

[1] The Court considers any new arguments not presented by the parties in their papers to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II. BACKGROUND

Plaintiff owns a residential property located at 97 Pease Avenue, Verona, New Jersey (the "Property"). (Compl. 2.[2]) On September 19, 1988, Plaintiff acquired the property. (Compl. 4.) On March 21, 2003, Plaintiff refinanced her mortgage loan with Countrywide, America's Wholesale Lender ("AWL"). (Compl. 4.) Plaintiff brings this suit to Quiet Title to her property. (Compl. 4.) Plaintiff alleges that the assignment of her mortgage is "null and void" because of the appearance of a robo-signer. (Compl. 14.)

On February 27, 2013, Plaintiff filed her Complaint in the Superior Court of New Jersey, Chancery Division, Essex County. (Notice of Removal 2.) Defendants removed Plaintiff's Complaint to this Court under 28 U.S.C. §§ 1446 and 1441. (Notice of Removal 1.)

On April 8, 2013, Defendants Bank of America, N.A. and Federal National Mortgage Association filed this Motion. (Defs.' Mot.) Defendants argue that Plaintiff fails to state a claim for relief. (Defs.' Mot. 1.) On April 16, 2013, Plaintiff sent Defendants a Memorandum of Law in Support of Opposition to the Motion to Dismiss. (Pl.'s Mem. Supp. Opp'n Mot.) On April 29, 2013, Defendants' filed a Reply Brief in Further Support of their Motion to Dismiss the Complaint. (Defs.' Reply Br.) Plaintiff has since filed three Supplemental Answers.

## III. LEGAL STANDARD

### A. Defendants' Motion To Dismiss Pursuant to Rule 12(B)(6)

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded

---

[2] Each reference to "Compl." or "Complaint" refers to Plaintiff's Amended Complaint filed on February 27, 2013. (Notice of Removal Ex. 1.)

2

factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff may be granted leave to amend or reassert the claim. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

### B. Liberal Pleading Standard for Pro Se Litigants

A pro se litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A pro se complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV. DISCUSSION

Plaintiff pleads eight Counts pursuant to her quiet title action. These are: (1) failure to state a claim to subject property, (2) identity of true creditor is unknown, (3) slander of title, (4) Quia Timet, (5) conspiracy to commit fraud, (6) use of robo-signer violates RICO and the Fair Debt Collection Practices Act, (7) notary fraud, and (8) violation of U.C.C. §§ 501(b)(2) and 3-203(d). Additionally, Plaintiff claims New Jersey's quiet title statute was violated.

Defendants argue that Plaintiff's complaint should be dismissed because Plaintiff has failed to allege sufficient facts that can be construed as entitling Plaintiff to relief. (Defs.' Mot. 2.) Plaintiff argues that she has sufficiently plead her quiet title claim. (Compl. 16.)

### A. Plaintiff Did Not Properly Plead a Quiet Title Action

Plaintiff's complaint alleges a quiet title action. In support of this claim, Plaintiff alleges that "the chain of title on her property is broken." (Compl. 16.) Plaintiff generally alleges that the assignment is fraudulent because of the appearance of a robo-signer and that she does not know the owner of her mortgage. (Compl.) Plaintiff comes to the conclusion that her title is incapable of being saved. (Compl. 9.)

Defendants state "[a]s a matter of law and public record, the chain of title to the mortgage lien on Plaintiff's property is clear, and there is nothing to 'quiet.'" (Defs.' Reply Br. 1.) Defendants allege that Plaintiff's complaint consists of "generalities relating to securitization of mortgages, or conclusory statements conflating ownership of her Property, the Promissory Note, and investment on the Loan" and therefore fails to state a viable claim. (Defs.' Mot. 3-4.) Defendants argue that Plaintiff has failed to allege facts showing how Defendants' competing interests to the property are wrongful. (Defs.' Mot. 3.) In support of their motion, Defendants

allege that Plaintiff does not dispute the debt owed under the note, and that there is no foreclosure action in this case. (Defs.' Reply Br. 1,4.)

The Third Circuit in Club Comanche, Inc. v. Gov't of the Virgin Islands explained that the pleading requirements for quiet title actions are established by a state's quiet title statute(s). 278 F.3d 250, 259 (3d Cir. 2002). Importantly, New Jersey's quiet title statute states:

> Any person in the peaceable possession of lands in this state and claiming ownership thereof, may, when his title thereto, or any part thereof, is denied or disputed, or any other person claims or is claimed to own the same, or any part thereof or interest therein, or to hold a lien or encumbrance thereon, and when no action is pending to enforce or test the validity of such title, claim or encumbrance, maintain an action in the superior court to settle the title to such lands and to clear up all doubts and disputes concerning the same.

N.J.S.A. § 2A:62-1. "The purpose of an action to quiet title is to put within the power of a person, who is in peaceable possession of realty as an owner, a means to compel any other person, who asserts a hostile right or claim, or who is reputed to hold such a right or claim, to come forward and either disclaim or show his right or claim, and submit it to judicial determination." Schiano v. MBNA, No. 05-171, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (citing Brookdale Park Homes, Inc. v. Twp. of Bridgewater, 280 A.2d 227, 231 (N.J. Super. Ct. Ch. Div. 1971)).

As Defendants correctly state, Plaintiff has failed to plead that Defendants' competing interests to the mortgage are wrongful. As stated above, Plaintiff seeks to quiet title on the Property. Her Complaint alleges that she owns real property located at 97 Pease Avenue, Verona, New Jersey. (Compl. 2.) The mere recitation of the elements to a quiet title cause of action is insufficient to sustain the claim. Plaintiff fails to allege facts to support her quiet title action. Plaintiff fails to allege how any perceived irregularities in the assignments between third

parties cloud title in the mortgage itself. These allegations are insufficient to establish that a quiet title action is warranted.

For example, in Schiano, 2013 WL 2452681, at *1, the plaintiffs purchased their home in 1987 and initially secured it with a mortgage. The plaintiffs' home was then "assigned, reassigned, and refinanced numerous times." Id. The plaintiffs filed an action asserting a "quiet title" claim against defendants. Id. at *8. The court held that the plaintiffs' assertions, "that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid," was insufficient to establish a quiet title action. Id. at *26. The court granted the defendants' motion to dismiss the plaintiff's quiet title action. Id. at *27. Jacobs v. Fannie Mae, No. A-5197-11T4, 2013 N.J. Super. Unpub. LEXIS 1583 (N.J. Super. Ct. App. Div. June 26, 2013) is also instructive. Plaintiff filed a quiet title action to declare his mortgage unencumbered. Id. at *3. Plaintiff's home loan was secured by a mortgage and note. Id. at *6. The trial court judge held "an action to quiet title is designed only to remove clouds, disputes or doubts infecting an otherwise good chain of record ownership" and denied the complaint for "not sensibly demonstrate[ing] that there is any cloud or doubts affecting Plaintiff's title." Id. at *5, 7. On appeal, the appellate court affirmed the trial court's decision. Id. at *7.

Additionally, Defendants argue that Plaintiff's complaint alleging fraudulent assignment of her mortgage should be dismissed because Plaintiff lacks standing to challenge the assignment of her mortgage. (Defs.' Mot. 5.) Defendants argue that a mortgage assignment is a contract to which Plaintiff is not a party or intended third party beneficiary. (Id.) Plaintiff argues that she has standing. (Pl.'s Mem. Supp. Opp'n Mot. 10.)

The Third Circuit has held that to establish standing, "a Plaintiff must establish that he or she has suffered an 'injury in fact' that is both 'concrete and particularized' and 'actual or

imminent, not conjectural or hypothetical." Doe ex rel. v. Lower Merion Sch. Dist., 665 F.3d 524, 542 (3d Cir. 2011) (internal citations omitted). A Plaintiff that is not a party to a contract lacks standing to sue for a violation of the contract. Glenn v. Hayman, No. 07-112, 2007 WL 894213, at *10 n.15 (D.N.J. Mar. 21, 2007). In the context of a mortgage assignment, case law has held that a mortgagor, or borrower, does not have standing to allege that an assignment between two third parties is invalid. See Grullon v. Bank of Am., N.A., No. 10-5427, 2013 U.S. Dist. LEXIS 48394, at *31-35 (D.N.J. Mar. 28, 2013); Schiano, 2013 WL 2452681, at *25-26 (D.N.J. Feb. 11, 2013); In re Walker, 466 B.R. 271, 285 (Bankr. E.D. Pa. 2012).

Plaintiff has failed to allege that she is a party or intended third party beneficiary to the contract and that she therefore has standing to challenge the contract.

Accordingly, the Court finds that Plaintiff's allegations fail to establish that a quiet title action is warranted. Plaintiff has not met her pleading burden. This claim is denied without prejudice.

### B. Plaintiff Did Not Properly Plead a Cause of Action for Slander of Title

Plaintiff asserts that after conducting her own research, the investor of her alleged loan is Tewrin Advisors or alternatively Bank of America, Fannie Mae, and Freddie Mac. (Compl. 6.) Plaintiff states that Bank of America informed her that the current owner of the Note is Fannie Mae. (Compl. 7.) Plaintiff also states that Bank of America informed her that Bank of America is the holder of the promissory note. (Compl. 6.) Defendants generally allege "the Complaint does not and cannot, as a matter of law, state any cognizable claim for relief." (Defs.' Reply Br. 4.)

To establish a cause of action for slander of title, a plaintiff must demonstrate: "(1) publication (2) with malice (3) of false allegations concerning plaintiff's property or product (4)

7

causing special damages, i.e., pecuniary harm." Sys. Operations, Inc. v. Scientific Games Dev. Corp., 555 F.2d 1131, 1140 (3d Cir. 1977); see also Stewart Title Guar. Co. v. Greenlands Realty, L.L.C., 58 F. Supp. 2d 370, 388 (D.N.J. 1999); Lone v. Brown, 199 N.J. Super. 420, 426 (1985). Malice is the "intentional commission of a wrongful act without just cause or excuse." Stewart Title Guar. Co., 58 F. Supp. 2d at 388 (citing Lone, 199 N.J. Super. at 426.) To allege malice, a plaintiff must show that the defendant "knew the statement to be false or acted in reckless disregard of its truth or falsity." Ellman v. Hinkes, 2007 WL 632968, at *8 (N.J. Super. Ct. App. Div. 2007) (internal citations omitted); Morin v. 20/20 Cos., No. 10-6476, 2012 U.S. Dist. LEXIS 126744, at *19 (D.N.J. Sept. 5, 2012).

Here, Plaintiff's amended complaint does not properly state a claim for slander of title. Plaintiff's vague allegations fail to allege that Defendants acted with malice. Therefore, Plaintiff has failed to state a claim for slander of title pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim for slander of title will be dismissed without prejudice.

### C. Plaintiff Did Not Plead a Cause of Action for Fraud or Conspiracy to Commit Fraud

Counts 5 and 7 of Plaintiff's amended complaint contain claims for fraud. Count 5 alleges notary and assignment fraud, while Count 7 alleges conspiracy to commit fraud. In support of her notary fraud claim Plaintiff argues that the fraudulent assignment makes the assignment null and void. (Compl. 15.) In support of her claim, Plaintiff alleges that a notary in California witnessed the signature of a signer in Florida. (Compl. 15.) Plaintiff also alleges that there is "fraud in factum, fraud in inducement, and fraud in the execution." (Pl. Certification, Doc. 6, 22.) In support of her conspiracy to commit fraud claim, Plaintiff argues that her harm is the potential failure to convey clear title to property. (Compl. 12-13.)

8

Defendants argue Plaintiff's fraud claims should be dismissed because Plaintiff does not provide any facts to support her claims. Additionally, Defendants argue "Plaintiff cannot base her claim on the allegation that the assignment was fraudulent, because she was not a party to assignment, and she doesn't allege any facts indicating she relied on the assignment to her detriment." (Defs.' Mot. 6.) Defendants also argue that "there can be no conspiracy if there is no underlying cause of action." (Defs.' Mot. 6 n.2.)

Pursuant to Federal Rule of Civil Procedure 9(b), the elements of fraud must be pleaded with particularity. Tredennick v. Bone, 323 F. App'x 103, 105 (3d Cir. 2008). This pleading requirement applies to fraud actions under federal statutes, as well as to fraud claims based on state law. Petruska v. Gannon Univ., 462 F.3d 294, 310 (3d Cir. 2006); Dewey v. Volkswagen AG, 558 F. Supp. 2d 505, 524 (D.N.J. 2008)

In an action for fraud under Rule 9(b), the plaintiff must plead "(1) A specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage." Hemphill v. Meyerson, 65 F. App'x 776, 778-79 (3d Cir. 2003); Christidis v. First Pa. Mortgage Trust, 717 F.2d 96, 99 (3d Cir. 1983); Rogers v. Morrice, No. 12-7910, 2013 U.S. Dist. LEXIS 57863, at *18 (D.N.J. Apr. 23, 2013); Panella v. O'Brien, No. 05-1790, 2006 WL 2466858, at *8 (D.N.J. 2006).

"New Jersey law is clear that a plaintiff does not have a cause of action for fraud against a defendant until the plaintiff actually suffers damages because actual damages are an element of the cause of action for fraud." Maertin v. Armstrong World Indus., Inc., 241 F. Supp. 2d 434, 458 (D.N.J. 2002); Holmin v. TRW, Inc., 330 N.J. Super. 30, 36 (N.J. Super. Ct. App. Div.

9

2000). A cause of action does not accrue until "damage is inflicted." Holmin, 330 N.J. Super. at 35-36.

Additionally, a claim for civil conspiracy must allege "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damage." Am. Corp. Soc'y v. Valley Forge Ins., 424 F. App'x 86, 90 (3d Cir. 2011) (citing Banco Popular N. Am. v. Gandi, 184 N.J. 161, 177 (2005)). There must be an underlying wrong apart from the conspiracy. Reese v. Horizon Blue Cross Blue Shield of N.J., No. 08-1382, 2008 WL 5188853, at *3 (D.N.J. Dec. 10, 2008), Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 122 (N.J. Super. Ct. App. Div. 2011). If there is no underlying cause of action, there cannot be a conspiracy.

The Court finds that Plaintiff's fraud counts fall short of the heightened pleading standards of Rule 9(b). Plaintiff has failed to allege facts showing that she acted on Defendants' alleged misrepresentation to her detriment. Additionally, Plaintiff's fraud allegations fail to explain how Plaintiff suffered damages as a result of Defendants' alleged false representations. Plaintiff also fails to allege any factual support for her conspiracy claim. Plaintiff alleges that the underlying wrong to the conspiracy is fraud. Plaintiff does not plead her fraud claim with enough specificity required by Rule 9(b) to allege an unlawful act. Therefore, Plaintiff has failed to state a claim for conspiracy. These counts are denied without prejudice.

### D. Plaintiff Did Not Plead Violations of RICO and FDCPA

In Count 6, Plaintiff alleges that the use of robo-signers violates the Federal RICO statute and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's claims should be dismissed upon her failure to adequately allege activity that satisfies requisite acts under RICO and FDCPA.

Plaintiff alleges that robo-signing makes the assignment null and void. (Compl. 14.) To support this allegation Plaintiff asserts that "the only assignment is by a known robo-signer, Chester Leving." (Compl. 14.) Plaintiff claims Chester Levings is on a robo-signer list by McDonnell Property Analytic Approved robo-singers. (Compl. 14.; Pl.'s Mem. Supp. Opp'n Mot. 3, Ex. 7.)

Defendants argue that Plaintiff does not allege any supporting facts and fails to state a claim under these statutes. (Defs.' Mot. 6 n.1.) Defendants additionally argue that Plaintiff cannot state a claim of the basis of conclusory allegations of robo-signing without additional factual support. (Defs.' Mot. 6-7.) Defendants also allege, "BANA here is both the mortgagee *and* mortgage service." (Defs.' Reply Br. 4.) Defendants argue Plaintiff fails to state a claim under these statutes. (Defs.' Mot. 6 n.1.)

#### a. RICO

The RICO statute provides, in pertinent part "any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefore in any appropriate United States District Court and shall recover threefold the damages he sustains and the cost of the suit . . ." 18 U.S.C. § 1964(c).

Under RICO, there are 4 types of prohibited activities under Section 1962. 18 U.S.C. § 1962. Section 1962 prohibits:

**(a)** the use of income "derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt . . . to use or invest, . . . in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce"
**(b)** a "person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce"
**(c)** a "person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."
**(d)** a "person to conspire to violate any of the provisions of subsection (a), (b), or (c)"

18 U.S.C. § 1962; Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co., 792 F.2d 341, 344 (3d Cir. 1986).

To sufficiently allege a violation of the RICO statute, at a minimum, a plaintiff must allege a "pattern of racketeering activity" or "collection of unlawful debt." 18 U.S.C. § 1962; see United States v. Eufrasio, 935 F.2d 553, 558 (3d Cir. 1991). "Racketeering activity" within the meaning of RICO includes state law crimes such as murder, bribery and extortion, and federal crimes such as mail fraud, wire fraud and securities fraud. 18 U.S.C. § 1961(1). "Unlawful debt" is a debt incurred in connection with gambling activity or which is usurious. 18 U.S.C. § 1961(6); Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 35 (3d Cir. 2011).

Plaintiff's conclusory allegations that Defendants violated the Federal RICO statute are simply inadequate to plead a valid RICO claim. Plaintiff has not alleged any racketeering activity on the part of Defendants. Therefore, Plaintiff has failed to state a claim under RICO.

### b. FDCPA

The FDCPA prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors. 15 U.S.C. § 1692. To bring a claim under the FDCPA, plaintiff must show 1) defendant is a debt collector, and 2) defendant debt collector engaged in prohibited practices

to collect a debt. Slimm v. Bank of Am. Corp., No. 12–5846, 2013 WL 1867035, at *4 (D.N.J. May 2, 2013). Under the FDCPA, a "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a.

The term debt collector does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C.A. § 1692a(6)(F)(iii). The Third Circuit has indicated that an assignee of an obligation is not a "debt collector" if the obligation is not in default at the time of the assignment." Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000); see also Schiano v. MBNA, No. 05–1771, 2013 WL 2452681, at *12-13 (D.N.J. Feb. 11, 2013) (finding mortgage servicers are exempt from the FDCPA if the mortgage was not in default at the time they began servicing the loan). Additionally, creditors, who collect debts on their own behalf, are not generally subject to the FDCPA. Pollice, 225 F.3d at 403; Staub v. Harris, 626 F.2d 275, 277 (3d Cir. 1980).

As with the RICO claim, Plaintiff's allegations that Defendants violated the FDCPA are insufficient to plead a valid FDCPA claim. Plaintiff has failed to allege any facts describing how Defendants are considered "debt collectors" under FDCPA. Plaintiff has not met her burden. Accordingly, Plaintiff's Count 6 should be dismissed without prejudice for failure to plead with sufficient specificity.

### E. Plaintiff's Additional Claims are also Denied Without Prejudice

Plaintiff's complaint also alleges violations of U.C.C. §§ 501(b)(2) and 3-203(d), and a cause of action for "Quia Timet." Plaintiff presents legal conclusions in support of these claims,

but provides no factual support. Therefore, these claims are dismissed without prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

Based on the reasons set forth above, Defendants' Motion to Dismiss is granted. To the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter and file an Amended Complaint for purposes of amending such claims.

An appropriate Order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

DATED: November 26, 2013