NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARILYNN ENGLISH | : | |
| Plaintiff, | : | Civil Action No. 13-2028(CCC) |
| v. | : | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, BANK OF AMERICA N.A. | : | OPINION & ORDER |
| Defendants. | : | |

CECCHI, District Judge.

I. INTRODUCTION

This matter comes before the Court on Federal Home Loan Mortgage Corporation's ("Defendant or Freddie Mac") Motion to Dismiss Plaintiff Marilynn English's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and on Defendant's Second Motion to Dismiss. (ECF No. 18 & 32.) The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. R. 78(b), no oral argument was heard. For the reasons that follow, Defendant's first motion to dismiss is denied as moot, (ECF No. 18.), and Defendant's second motion to dismiss is granted without prejudice. (ECF No. 32.)

II. BACKGROUND

Plaintiff owns a residential property located at 97 Pease Avenue, Verona, New Jersey. (Compl. 2.) Plaintiff acquired the property on September 19, 1988. (Compl. 4.) On March 21, 2003, Plaintiff refinanced her mortgage loan with Countrywide, America's Wholesale Lender ("AWL"). (Compl. 4.) This is the mortgage that is at issue in the Complaint. Plaintiff brings this

suit to quiet title to her property. (Compl. 4.) Plaintiff alleges that the assignment of her mortgage is "null and void" because of the appearance of a robo-signer. (Compl. 14.)

On February 27, 2013, Plaintiff filed her Complaint in the Superior Court of New Jersey, Chancery Division, Essex County. (Notice of Removal 2.) On April 1, 2013, Plaintiff's Complaint was removed to this Court. (Notice of Removal 1.) On April 8, 2013, Defendants Bank of America and Fannie Mae filed their Motion to Dismiss. (ECF No. 4.)

On October 17, 2013, Freddie Mac filed its first Motion to Dismiss. Freddie Mac argues that Plaintiff fails to state a claim because it is not a proper party to this action. (Def.'s Mot. 1.) On October 28, 2013, Plaintiff filed a Supplemental Answer in Support of Plaintiff's Opposition to Defendants' Motions to Dismiss, and a Second Supplemental Answer. (Pl.'s Supp. Answer ECF No. 19; Pl.'s Second Supp. Answer ECF No. 20.) On November 22, 2013, Plaintiff filed a Supplemental Objection to Dismissal Request for Freddie Mac. (Pl.'s Supplemental Objection ECF No. 22.) On November 26, 2013, this Court granted without prejudice Defendants Bank of America and Fannie Mae's Motion to Dismiss Plaintiff's Amended Complaint. (Order ECF No. 25.) On December 18, 2013, Plaintiff filed a Second Amended Complaint. (Pl.'s Second Compl. ECF No. 27.) On February 17, 2014, Freddie Mac filed a Second Motion to Dismiss, and incorporated by reference its earlier Motion. (Def.'s Second Mot.) On February 18, 2014, Plaintiff filed a Statement Disputing Alleged Facts of Defendant. (Pl.'s Statement)

### III. <u>LEGAL STANDARD</u>

#### A. Defendant's Motion To Dismiss Pursuant to Rule 12(B)(6)

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

### B. Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

### IV. DISCUSSION

At issue in Plaintiff's complaint is her note with Countrywide, America's Wholesale Lender that she entered into on March 21, 2003. (Compl. 4, 13; Pl.'s Second Compl. ECF No. 27, Ex. 3, 13.) Plaintiff generally seeks to bar Defendants from "having or claiming any right or title adverse to Plaintiff to the premises." (Compl. 4, 6, 8.) In support of her complaint, Plaintiff attaches a record of loan payments to Bank of America from March 27, 2003 through January 8,

2013. (Compl. Ex. 2.) Plaintiff argues in her complaint that Freddie Mac "did not state a claim of who is my true creditor and what Trust is holding my note and mortgage. Nor did they grant my discovery requests." (Compl. 5.) Plaintiff alleges that Freddie Mac is the investor on her loan at issue. (Compl. 5.)

Freddie Mac argues that Plaintiff's complaint should be dismissed because it is not a proper party to this action and a claim by Plaintiff cannot be sustained. (Def's Mot. 6.) Specifically, Freddie Mac alleges that their lien was no longer of record and that they no longer hold any interest in the subject property. (Def's Mot. 6.) It is Freddie Mac's position that Plaintiff mistakenly believes that it is the investor of her loan. (Def's Mot. 6.)

Despite Freddie Mac's arguments, Plaintiff does not allege any facts indicating that Freddie Mac is a proper party to this action. Plaintiff's allegations focus on her 2003 mortgage with Bank of America. In 2002 Freddie Mac was the investor of a loan in the amount of $192,000.00, but the loan was satisfied and discharged in 2003 when Plaintiff refinanced and took out the mortgage loan for $315,750.00. (Def's Mot. 6-8; Pl.'s Second Compl. ECF No. 27, Ex. 3, 12, 13, 14.) None of the supplemental documents that Plaintiff provided to this Court indicate that Freddie Mac falsely represented that they had a claim to her 2003 mortgage. (Pl.'s Second Compl. ECF No. 27, Ex. 9.)[1] Therefore, Plaintiff's quiet title action against Freddie Mac is dismissed without prejudice for failure to state a claim.

---

[1] The Court notes that Plaintiff provided a second amended complaint after Defendant filed its initial motion to dismiss. The Court considers the exhibits attached to this second amended complaint without converting Defendant's motion into a motion for summary judgment. See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (finding that "a document *integral to or explicitly relied upon* in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment").

## IV. <u>CONCLUSION</u>

Based on the reasons set forth above,

**IT IS** on this 29th day of May 2014,

**ORDERED** that Defendant's first Motion to Dismiss is **DENIED** as moot; and it is further

**ORDERED** that Defendant's second Motion to Dismiss is **GRANTED** without prejudice; and it is further

**ORDERED** that even though it appears through Plaintiff's own exhibits and Freddie Mac's submissions that the 2002 note was discharged, and that Freddie Mac has disclaimed any interest in Plaintiff's subsequent note, given Plaintiff's *pro se* status, to the extent Plaintiff's claims can be cured by way of amendment, Plaintiff is granted fourteen (14) days to reinstate this matter and file an Amended Complaint.

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.