## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————— x
                                                  :
MARILYNN ENGLISH,                                 :     Honorable Claire C. Cecchi, U.S.D.J.
                                                  :
                                                  :
                        Plaintiff,                :     Civil Action No. 13 CV 2028 (CCC) (JBC)
                                                  :
v.                                                :
                                                  :
                                                  :
FEDERAL NATIONAL MORTGAGE                         :     **Oral Argument Requested**
ASSOCIATION, FEDERAL HOME LOAN                    :
MORTGAGE CORPORATION, BANK OF                     :     **Return Date: August 18, 2014**
AMERICA, N.A.,                                    :
                                                  :
                                                  :
                        Defendants.               :
                                                  :
                                                  :
—————————————————————— x

---

## DEFENDANTS BANK OF AMERICA, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

---

WINSTON & STRAWN LLP
The Legal Center
One Riverfront Plaza, Suite 730
Newark, New Jersey 07102
(973) 848-7676
Jeffrey P. Catenacci

**OF COUNSEL:**
Elizabeth Timkovich                              *Attorneys for Defendants*
Alyson G. Traw                                   *Bank of America, N.A. and*
WINSTON & STRAWN LLP                             *Federal National Mortgage Association*
100 N. Tryon Street
Charlotte, NC 28202
(704) 350-7791

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................... 1

PROCEDURAL HISTORY................................................................................................... 2

ARGUMENT ....................................................................................................................... 4

   I.    STANDARD OF REVIEW ....................................................................................... 4

   II.   PLAINTIFF'S THIRD AMENDED COMPLAINT SHOULD BE DISMISSED FOR
       FAILURE TO IDENTIFY ANY RECOGNIZED CAUSE OF ACTION PURSUANT TO
       FED. R. CIV. P. 8.. .................................................................................................... 5

   III.  ALL OF PLAINTIFF'S CLAIMS PURPORTING TO SEEK RELIEF QUIETING
       TITLE FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH
       PREJUDICE. ............................................................................................................. 5

      A.   The Chain of Title Is Clear on the Record and Does Not Support Any
          Claim for Relief.................................................................................................. 6

      B.   Plaintiff Does Not and Cannot, as a Matter of Law, State a Cause of
          Action for Quiet Title. ....................................................................................... 7

   IV.  ALL OF PLAINTIFF'S FRAUD-BASED CLAIMS FAIL AS A MATTER OF LAW
       AND SHOULD BE DISMISSED WITH PREJUDICE. ...................................................... 8

      A.   Plaintiff Lacks Standing to Challenge the Assignment of Her Mortgage, Thus Her
          Claims Based on Fraudulent Assignment Should
          Be Dismissed. ..................................................................................................... 8

      B.   All of Plaintiff's Fraud-Based Claims Fail to Meet the Heightened Pleading Standard
          Required for Fraud Claims. ............................................................................... 9

CONCLUSION..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).................................................................................4, 9

*Baraka v. McGreevey*,
   481 F.3d 187 (3d Cir. 2007) ............................................................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..............................................................................4, 9

*Christidis v. First Pa. Mortgage Trust*,
   717 F.2d 96 (3d Cir. 1983)..........................................................................9

*Club Comanche, Inc. v. Gov't of the Virgin Islands*,
   278 F.3d 250 (3d Cir. 2002)........................................................................7

*Egas v. Fit Rite Body Parts, Inc.*,
   Civ. A. No. 11-2340 (ES), 2011 WL 6935314, at *3 (D.N.J. Dec. 30, 2011)...........................5

*Francis v. CitiMortgage, Inc.*,
   No. 11-11091, 2012 .......................................................................................6

*Glenn v. Hayman*,
   No. 07–112 PGS, 2007 WL 894213 (D.N.J. March 21, 2007)................................................8

*Grullon v. Bank of America, N.A.*,
   No. 10-5427, 2013 U.S. Dist. LEXIS 48394 (D.N.J. Mar. 28, 2013)......................................8

*HSBC Bank USA v. Ulversoy*,
   No. F–2586–09, 2012 WL 3021460 (N.J. Super. Ct. App. Div. July 25, 2012) .........................5

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)........................................................................4

*Marsh v. JPMorgan Chase Bank, N.A.*,
   888 F. Supp. 2d 805 (W.D. Tex. 2012)................................................................8

*Noble v. Maxim Healthcare Services, Inc.*,
   No. 12–cv–2227 DRD, 2012 WL 3019443 (D.N.J. July 24, 2012)...........................................5

*Pension Benefit Guar. Corp. v. White Consol. Indus.*,
   998 F.2d 1192 (3d Cir. 1993) .....................................................................1, 4

*Petruska v. Gannon University*,
  462 F.3d 294 (3d Cir. 2006)................................................................................9

*Pounds v. Countrywide Home Loans, Inc.*,
  No. 12-60692-CIV JIC, 2012 WL 4194420 (S.D. Fla. Sept. 19, 2012) ....................................6

*Puente v. CitiMortgage, Inc.*,
  No. 3:11–CV–2509–NDCG, 2012 WL 4335997 (N.D. Tex. Aug. 29, 2012) ........................6

*Schiano v. MBNA*,
  No. 05-1771 JLL, 2013 WL 2452681 (D.N.J. Feb. 11, 2013)...............................................7, 8

*Wigginton v. Bank of New York Mellon*,
  No. 3:10–CV–2128–GAGF 2011 WL 2669071 (N.D. Tex. July 7, 2011)............................6, 4

STATUTES

N.J.S.A. 2A:62-1.....................................................................................................7

N.J.S.A. 12A:3–301 ...............................................................................................6

OTHER AUTHORITIES

Fed. R. Civ. P. 8......................................................................................................3, 5

Fed. R. Civ. P. 9(b).................................................................................................9, 10

Fed. R. Civ. P. 12(b)(6)..........................................................................1, 4, 7, 9, 10, 11

Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae," and together with BANA, the "Mortgage Defendants"), through their attorneys, respectfully submit this memorandum of law in support of their motion to dismiss the Third Amended Complaint filed by Plaintiff Marilynn English ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state any cognizable claim for relief. As explained herein—and for the same or similar reasons this Court dismissed Plaintiff's First Amended Complaint on November 26, 2013—the Court should dismiss Plaintiff's Third Amended Complaint in its entirety, with prejudice.

## PRELIMINARY STATEMENT

On March 21, 2003, America's Wholesale Lender, a division of Countrywide Home Loans, Inc. ("Countrywide" or "Lender"), loaned Plaintiff $315,750.00 (the "Loan") to pay off two previous mortgage loans she had on property located at 97 Pease Avenue, Verona, New Jersey (the "Property"). In exchange for the Loan, Plaintiff executed a promissory note ("the Note") (*See* Declaration of Jeffrey P. Catenacci, Exhibit 1)[1] to the benefit of Countrywide and its successor Note Holders,[2] agreeing to repay the $315,750.00 plus interest, *see* Ex.1 at 1, and secured the Note with a mortgage lien (the "Mortgage") granted to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the Lender and Lender's successors and assigns. (*See* Declaration of Jeffrey P. Catenacci, Exhibit 2 at 1) (identifying mortgagee as MERS); *id.* at 2 (expressly mortgaging Property to MERS "and to the successors and assigns of

---

[1] Mortgage Defendants' Exhibit 1 is identical to the Note attached by Plaintiff to her Second Amended Complaint.

[2] "Note Holders" is defined in the Note as "the lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note" Ex. A at 1. The Court may, in relation to this motion to dismiss, consider the Note as well as its related Mortgage and Assignment of Mortgage (Exhibits 1 through 3 hereto). *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

MERS").  Plaintiff does not dispute the debt she owes under the Note or that she executed the Mortgage naming MERS as mortgagee.

Following execution, the Mortgage was recorded in the Essex County Registry of Deeds at Book 8791, Page 537, on April 2, 2003.  *See* Ex. 2 at 1 (registration stamp near top right corner).  On May 27, 2011, MERS—in its stated capacity as mortgagee and nominee for the Lender—assigned the Mortgage to BAC Home Loans Servicing, LP ("BAC") (which has since merged with and into BANA) by an Assignment of Mortgage (the "Assignment.") *See* Declaration of Jeffrey P. Catenacci, Exhibit 3[3] recorded in the Essex County Registry of Deeds on June 3, 2011 at Book 12314, Page 867.  BANA, as successor by merger to BAC, is therefore the current holder of Plaintiff's Mortgage with the power to enforce that Mortgage through foreclosure in the event of payment default.  *See* Declaration of Jeffrey P. Catenacci, Ex. 2 at 2-3.  BANA also currently holds Plaintiff's Note, which Countrywide endorsed in blank, *see* Declaration of Jeffrey P. Catenacci, Ex. 1 at 2, thereby rendering it legally enforceable by its bearer.  BANA holds the Note at the behest of the current investor in Plaintiff's Loan—Fannie Mae—for whom BANA acts as servicer.

Now, after Plaintiff has defaulted on her Loan and faces the prospect of foreclosure, Plaintiff brings this meritless action in an attempt to avoid her Loan repayment obligations altogether.  There is no basis in law or fact for Plaintiff's claims, as explained below, and the Court should dismiss them accordingly.

**PROCEDURAL HISTORY**

On November 26, 2013, in response to a previous motion to dismiss by Mortgage Defendants, this Court dismissed Plaintiff's first Amended Complaint in its entirety on the basis

---

[3] The Assignment also is attached to Plaintiff's Second Amended Complaint as Exhibit 3.

that Plaintiff's claims lacked the required factual and legal support to survive dismissal under Fed. R. Civ. P. 12(b)(6). *See* Docket Nos. 25 ("Nov. 26 Order") & 24 ("Nov. 26 Opinion"). The Court outlined the numerous deficiencies in Plaintiff's Amended Complaint, then granted Plaintiff one more opportunity to cure her complaint, noting that Plaintiff's failure to cure all deficiencies would result in dismissal **with prejudice**. *See id.*

In response, on December 18, 2013, Plaintiff filed her Second Amended Complaint, but that new pleading did not cure Plaintiff's claim deficiencies. Mortgage Defendants filed a Motion to Dismiss her Second Amended Complaint on January 16, 2014. Co-Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") also filed a Motion to Dismiss Plaintiff's Second Amended Complaint. The Court granted Freddie Mac's Motion to Dismiss, without prejudice, via Order dated May 29, 2014. *See* Docket No. 37. Plaintiff subsequently filed her Third Amended Complaint on June 12, 2014. *See* Docket No. 39. Thereafter, the Court issued an Order dated June 16, 2014, terminating, without prejudice, Mortgage Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and directing Mortgage Defendants to respond to Plaintiff's Third Amended Complaint. *See* Docket No. 40. Plaintiff's Third Amended Complaint, much like the Second Amended Complaint, is largely incoherent. It utterly fails to meet the pleading standard set forth in Fed. R. Civ. P. 8(a)(2), as Plaintiff does not identify a single cause of action. Moreover, Plaintiff's Third Amended Complaint does nothing more than reference the **same claims this Court has already dismissed** (seeking to quiet title and asserting fraud based on the assignments of her Note and Mortgage). Because Plaintiff's Third Amended Complaint fails to identify any causes of action and because it only contains legal conclusions unsupported by any facts, Plaintiff's claims again fail. This Court should dismiss her Third

Amended Complaint in its entirety, **with prejudice**, in accordance with its November 26, 2013

Order and pursuant to Fed. R. Civ. P. 12(b)(6).

**ARGUMENT**

**I.      STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) may be granted when, even

accepting all well-pleaded allegations in the complaint as true and viewing them in the light

most favorable to plaintiff, plaintiff is not entitled to relief.   *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997).   "[F]actual allegations must be enough to

raise a right to relief above a speculative level."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (discussing plausibility standard).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.'"   *Id.* at 678.   This Court is "not compelled to accept

unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual

allegations."   *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).   When deciding a

Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court may consider the

complaint, exhibits attached to the complaint, matters of public record, and undisputedly

authentic documents if the plaintiff's claims are based upon those documents.   *Pension*

*Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).   Doing so

does not convert the motion to dismiss into a motion for summary judgment.   *Noble v. Maxim*

*Healthcare Servs., Inc.*, No. 12–cv–2227 DRD, 2012 WL 3019443, at *5 (D.N.J. July 24,

2012).

4

II.    **PLAINTIFF'S THIRD AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO IDENTIFY ANY RECOGNIZED CAUSE OF ACTION PURSUANT TO FED. R. CIV. P. 8.**

As an initial matter, Plaintiff's Third Amended Complaint should be dismissed for failure to identify any recognized cause of action consistent with the pleading requirements of Fed. R. Civ. P. 8.   Under the federal pleading rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2). Failure to comply with this basic pleading requirement is fatal to Plaintiff's Third Amended Complaint.  *See, e.g., Egas v. Fit Rite Body Parts, Inc.*, Civ. A. No. 11-2340 (ES), 2011 WL 6935314, at *3 (D.N.J. Dec. 30, 2011) (dismissing claim for failure to comply with Fed. R. Civ. P. 8(a) and finding that the court "is unable to decipher the particular state or Federal cause of action that Plaintiffs seek to allege and will not attempt to divine a viable cause of action based on the facts alleged in this section of the Complaint" and that "Defendants have not been provided with proper notice of the particular claim, much less the specific grounds upon which Plaintiffs' claim rests, in violation of Rule 8(a)(2).").  Because Plaintiff has not identified any actual causes of action, the Court should dismiss Plaintiff's Third Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to comply with the minimum pleading requirements of Fed. R. Civ. P. 8.

III.   **ALL OF PLAINTIFF'S CLAIMS PURPORTING TO SEEK RELIEF QUIETING TITLE FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH PREJUDICE.**

Similar to the First Amended Complaint this Court previously dismissed and the Second Amended Complaint, Plaintiff's incoherent Third Amended Complaint can be summarized as an attempt to challenge the validity of the Note and Mortgage and obtain title to her Property free and clear.  *See generally* Third Am. Compl.  To put it simply, Plaintiff is just wrong, and all of her claims seeking relief quieting title fail as a matter of law.

5

**A.     The Chain of Title Is Clear on the Record and Does Not Support Any Claim for Relief.**

As a matter of law and public record, the chain of title to the Mortgage on Plaintiff's Property is clear, and there is nothing to "quiet":

- In exchange for a mortgage loan of $315,750.00 from Countrywide on March 21, 2003, Plaintiff granted the subject Mortgage on her Property to MERS (and to MERS's successors and assigns) as nominee for Countrywide and Countrywide's successors and assigns. *See* Declaration of Jeffrey P. Catenacci, Exhibit 2 at 1, 2. The Mortgage was recorded in the Essex County Registry of Deeds at Book 8791, Page 537, on April 2, 2003.

- On May 27, 2011, MERS—in its stated capacity as mortgagee and nominee for the Lender—assigned the Mortgage to BAC (now BANA) by an Assignment of Mortgage recorded in the Essex County Registry of Deeds on June 3, 2011 at Book 12314, Page 867. *See* Declaration of Jeffrey P. Catenacci, Exhibit 3, Second Am. Compl. Ex. 3.

- New Jersey law recognizes that MERS has legal authority to assign mortgages for which it is the mortgagee and nominee for the lender. *See, e.g., HSBC Bank USA v. Ulversoy*, No. F–2586–09, 2012 WL 3021460, at *7 (N.J. Super. Ct. App. Div. July 25, 2012).[4]

Based on the above, as a matter of law, BANA—as successor by merger to BAC—is the current holder of Plaintiff's Mortgage by assignment from the original mortgagee/nominee, MERS.  Moreover, if the time comes for BANA to conduct a foreclosure sale of Plaintiff's Property, it will be able also to show possession of the Note secured by the Mortgage:

---

[4] This decision is mirrored by others all over the country, including, *e.g., Pounds v. Countrywide Home Loans, Inc.*, No. 12-60692-CIV JIC, 2012 WL 4194420, at *4 (S.D. Fla. Sept. 19, 2012) (holding that MERS's assignment was valid and does not cloud title to Plaintiffs' property); *Francis v. CitiMortgage, Inc.*, No. 11-11091, 2012 LEXIS 42233, at *2 (D. Mass. Mar. 28, 2012) ("[I]f a mortgage names MERS as mortgagee and as nominee for the lender or its assigns, MERS has the authority to assign the mortgage to another entity."); *Wigginton v. Bank of New York Mellon*, No. 3:10–CV–2128–GAGF 2011 WL 2669071, at *2 (N.D. Tex. July 7, 2011) (recognizing MERS's authority to foreclose on a property where it was the mortgagee); *see also Puente v. CitiMortgage, Inc.*, No. 3:11–CV–2509–NDCG, 2012 WL 4335997, at *3, 5 (N.D. Tex. Aug. 29, 2012) (rejecting plaintiff's argument that the note and mortgage were "split" and therefore unenforceable where MERS was named as the nominee for the originating lender, and explaining that "the fact that the note and deed may have been 'split' does not affect . . . MERS'[s] . . . right to assign").

- Plaintiff's March 21, 2003 Note states on its face that it may be transferred by the Lender without prior notice to the borrower (Plaintiff).[5]  (*See* Declaration of Jeffrey P. Catenacci, Exhibit 1 at 1) ("I understand that the Lender may transfer this Note."); *see also* Declaration of Jeffrey P. Catenacci at 9 ("The Note or a partial interest in the Note (together with this Security Instrument [the Mortgage]) can be sold one or more times without prior notice to Borrower.").

- The original Lender, Countrywide d/b/a America's Wholesale Lender, endorsed the Note in blank. *See*  Declaration of Jeffrey P. Catenacci, Exhibit 1 at 2.

- As a matter of New Jersey law, therefore, the Note is now enforceable by its current holder. *See* N.J.S.A. 12A:3–301.

While the question of what entity holds the Note is pertinent to foreclosure standing, there is no need at this time for Mortgage Defendants to prove up possession or ownership of the Note.  This is not a foreclosure action, thus any claim based on an alleged lack of Note possession is premature.  Accordingly, this Court should dismiss with prejudice all of Plaintiff's claims purporting to seek relief quieting title pursuant to Fed. R. Civ. P. 12(b)(6).

**B.     Plaintiff Does Not and Cannot, as a Matter of Law, Plead a Cause of Action for Quiet Title.**

Because BANA is the current holder of the Mortgage on Plaintiff's Property under New Jersey law and through proper, recorded assignment, Plaintiff does not and cannot plead that BANA or Fannie Mae has any wrongful, competing interest in Plaintiff's Property.  This omission is fatal to Plaintiff's claim for quiet title.  The pleading requirements for quiet title actions are established by the State's quiet title statute.  *See Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 259 (3d Cir. 2002).  New Jersey's statute allows a plaintiff, in the event of competing claims to land, to maintain an action to "clear up all doubts and disputes concerning the same."  N.J.S.A. 2A:62-1.  The statute contemplates that a plaintiff's complaint will spell out the nature of the ***competing*** claims—which does not include a non-

---

[5] Nowhere in her Third Amended Complaint does Plaintiff dispute the debt owed under the Note.

foreclosed mortgage lien.  *Id.*

Plaintiff's claim for quiet title is based on nothing more than generalities and conclusory statements relating to the ownership and assignment of her Mortgage, which are insufficient to establish a claim for quiet title.  *See Schiano v. MBNA*, No. 05-1771 JLL, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013) (dismissing the plaintiff's complaint holding that allegations by plaintiffs that they do not know the owner of their mortgage and that the assignments of their mortgage are invalid are not sufficient to establish a quiet title action). Accordingly, this Court should dismiss with prejudice all of Plaintiff's claims to the extent they seek relief quieting title.

## IV.   ALL OF PLAINTIFF'S FRAUD-BASED CLAIMS FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED WITH PREJUDICE.

### A.   Plaintiff Lacks Standing to Challenge the Assignment of Her Mortgage, Thus Her Claims Based on Fraudulent Assignment Should Be Dismissed.

Plaintiff makes a number of conclusory allegations challenging the validity of the Assignment of her Mortgage from MERS to BAC (now BANA).  *See generally* Third Am. Compl.  However, it is well established that a plaintiff that is not a party to a contract lacks standing to sue for violations of the contract.  *See Glenn v. Hayman*, No. 07–112 PGS, 2007 WL 894213, at *10 n. 15 (D.N.J. March 21, 2007).  More specifically, a mortgagor such as Plaintiff does not have standing to allege that an assignment of her mortgage between two third parties is invalid.  *See Grullon v. Bank of America, N.A.,* No. 10-5427, 2013 U.S. Dist. LEXIS 48394, at *31-35 (D.N.J. Mar. 28, 2013); *Schiano*, 2013 WL 2452681, at *25-26.

Fatally, Plaintiff does not allege and cannot allege that she is a party or an intended beneficiary to the Assignment of her Mortgage between MERS and BAC (now BANA); thus she lacks standing to challenge the Assignment's validity.  After all, if MERS or the lender for which MERS acted as nominee does not dispute the assignment of its mortgage rights, Plaintiff

8

certainly has no grounds to do so.  *See, e.g., Marsh v. JPMorgan Chase Bank, N.A.*, 888 F. Supp. 2d 805, 809-810 (W.D. Tex. 2012) ("***Plaintiffs' allegations regarding Ms. Trowbridge's [the person who signed the assignment for MERS] authority as a signatory fail because plaintiffs were not parties to the Assignment*** between MERS and BOA and therefore lack standing to challenge it...a mortgager lacks standing to challenge the assignment of a deed of trust based on the assignment signatory's alleged lack of authority...***Importantly, MERS, whose bylaws are purported to have been violated by Ms. Trowbridge's signature, does not contest the validity of the assignment of its interest to BOA***.") (emphasis added) (granting motion to dismiss). Accordingly, this Court should dismiss with prejudice Plaintiff's claims based on the alleged fraudulent Assignment of her Mortgage, pursuant to Fed. R. Civ. P. 12(b)(6).

**B.      All of Plaintiff's Fraud-Based Claims Fail to Meet the Heightened Pleading Standard Required for Fraud Claims.**

Even if Plaintiff had standing to challenge the Assignment of her Mortgage or Note in the manner she asserts—which Mortgage Defendants do not concede—her fraud-based claims still fail as a matter of law.  Pursuant to Fed. R. Civ. P. 9(b), fraud claims must be pled with particularity.  *See* Fed. R. Civ. P. 9(b).  This particularity requirement applies to fraud claims under federal law and fraud claims under state law.  *See Petruska v. Gannon Univ.*, 462 F.3d 294, 310 (3d Cir. 2006).  Nowhere in Plaintiff's Third Amended Complaint does she plead with the required particularity and factual support any misconduct related to the Assignment or, for that matter, any other conduct by Mortgage Defendants that could be construed as fraudulent.  Instead, Plaintiff relies entirely on unsubstantiated, conclusory assertions and references to evidence she previously presented to the Court—which the Court already had an opportunity to consider in making previous rulings.  *See* Third Am. Compl. at 6.  Claims premised on bald conclusions unsupported by any allegations of specific facts cannot survive a

motion to dismiss, *see Bell Atl. Corp.*, 550 U.S. at 544; *Ashcroft*, 556 U.S. at 662, and they do not meet the heightened pleading requirements for fraud-based claims.  *See* Fed. R. Civ. P. 9(b).

To state a claim for fraud specific enough to avoid dismissal under Rule 12(b)(6), a plaintiff must plead actual facts (not mere conclusions) demonstrating "(1) [a] specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) the plaintiff acted upon it to his damage." *Christidis v. First Pa. Mortg. Trust*, 717 F.2d 96, 99 (3d Cir. 1983).  Although Plaintiff alleges certain communications with Mortgage Defendants in her Third Amended Complaint—she fails to allege (nor can she, truthfully) that any representation was false and that the unknown person who allegedly made these communications knew it was false and made such communication with the intent that Plaintiff act on it.  Moreover, any harm Plaintiff allegedly suffered was not caused by her reliance on any communication by Mortgage Defendants; it was the direct result of Plaintiff's own decision to stop paying her Mortgage.  Accordingly, Plaintiff's fraud claims fail to satisfy the pleading requirements of Rule 9(b).

Moreover, as to Plaintiff's attempt to assert a claim under the New Jersey Consumer Fraud Act ("CFA"), Plaintiff brings a CFA claim against Mortgage Defendants without leave of Court.  This Court only granted Plaintiff leave to file an amended complaint to cure the deficiencies in her previously dismissed claims.  *See* Nov. 26 Order/Opinion.  It did not permit Plaintiff to bring new claims.  *Id*.  In any event, even if this Court allows Plaintiff to bring her CFA claim, the claim still fails as a matter of law, for the reasons explained above.  Plaintiff does not and cannot allege a single fact—let alone meet the heightened pleading requirement under

10

Fed. R. Civ. P. 9(b)—as to how Mortgage Defendants somehow violated the CFA. Accordingly, this Court should dismiss all of Plaintiff's fraud-based claims, with prejudice, for failure to state a claim.

## CONCLUSION

For all of the reasons set forth above, as well as those set forth in support of Mortgage Defendants' prior motions to dismiss dated April 8, 2013 (Docket No. 4-1) and January 16, 2014 (Docket No. 4-29) and this Court's November 26, 2013 Order and Opinion, the Court should grant Mortgage Defendants' motion and dismiss Plaintiff's Third Amended Complaint in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

WINSTON & STRAWN LLP
*Attorneys for Defendants*
*Bank of America N.A. and*
*Federal National Mortgage Association*


By:   *s/ Jeffrey P. Catenacci*
         Jeffrey P. Catenacci
         jcatenacci@winston.com

Dated: July 17, 2014

**OF COUNSEL**:
Alyson Traw
Elizabeth Timkovich
WINSTON & STRAWN LLP
100 N. Tryon Street
Charlotte, NC 28202
(704) 350-7700
atraw@winston.com

11