**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYNN ENGLISH, | Civil Action No.: 13-cv-2028 |
| Plaintiff, | |
| v. | **OPINION** |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, FEDERAL HOME LOAN MORTGAGE CORPORATION, BANK OF AMERICA N.A., | |
| Defendants. | |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court by way of Defendants Bank of America N.A. ("BANA") and Federal National Mortgage Association's ("Fannie Mae") motion to dismiss the Third Amended Complaint of *pro se* plaintiff Marilynn English ("Plaintiff"), ECF No. 43, and Defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac" and together with BANA and Fannie Mae, "Defendants") motion to dismiss Plaintiff's Third Amended Complaint, ECF No. 44. Pursuant to Federal Rule of Civil Procedure 78(b), no oral argument was heard. For the reasons set forth below, Defendants' motions are granted.

**II.     BACKGROUND**

The following facts are accepted as true for the purposes of the instant motion. In 1988, Plaintiff purchased a residential property in Verona, New Jersey. Third Amended Complaint ("Compl." or "Third Amended Complaint"), ECF No. 39, at 2. In 2002, Plaintiff obtained a mortgage from America's Wholesale Lender, a division of Countrywide Home Loans, Inc.

("Countrywide"). Id. Freddie Mac was an investor in that loan. Id. In March 2003, Plaintiff refinanced her mortgage and obtained a loan from Countrywide, which paid off Plaintiff's 2002 loan. Id. This 2003 loan is the subject of the instant dispute.[1] Id.

In exchange for the 2003 loan, Plaintiff executed a note for the benefit of America's Wholesale Lender (the "Note"). Compl. at Ex. 16.[2] The Note was secured by a mortgage (the "Mortgage") held by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide and its successors and assigns. ECF No. 43 at Ex. 2. In 2011, MERS assigned the Mortgage to BAC Home Loans Servicing, LP ("BAC"). Compl. at Ex. 9. BAC subsequently merged with BANA, and BANA is the current holder of the Mortgage and servicer of the loan. Id. at Ex. 13. As of 2012, Fannie Mae was the owner of the Note. Id. at 2.

On February 27, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey, Chancery Division, Essex County. ECF No. 1. On April 1, 2013, Defendants removed Plaintiff's First Amended Complaint to this Court. Id. On November 26, 2013, this Court granted BANA and Fannie Mae's motion to dismiss Plaintiff's First Amended Complaint without prejudice pursuant to Rule 12(b)(6) (the "2013 Opinion"). ECF No. 24. On May 29, 2014, this Court granted Freddie Mac's motion to dismiss Plaintiff's Second Amended Complaint without prejudice (the "2014 Opinion"). ECF No. 37. On June 12, 2014, Plaintiff filed her Third Amended Complaint.

---

[1] The Complaint states that the 2003 loan is the subject of the instant dispute. Compl. at 2. However, in a supplemental letter to the Court, Plaintiff indicates she is concerned about the invalidity of the 2003 loan because it paid off the 2002 loan. The letter states: "I do not have copies of the Note and Mortgage marked 'paid in full.' . . . Perhaps the true lender and funder of that loan will come forward from now and demand payment on a loan already paid in full. For this reason, I have filed the lawsuit." ECF No. 47 at 3.

[2] On a motion to dismiss, the Court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents upon which the plaintiff's complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

2

ECF No. 39. Defendants moved to dismiss the Third Amended Complaint on July 17 and 18, 2014. ECF Nos. 43, 44. Plaintiff opposed the motions.[3] ECF Nos. 47, 48. On December 23, 2015, this Court ordered supplemental briefing on Plaintiff's fraud allegations. ECF No. 70.

The Third Amended Complaint alleges claims for declaratory relief, fraud, and quiet title to Plaintiff's property based upon "fraud perpetrated by the Defendants" regarding the Mortgage and the Note and an invalid assignment. See Compl. at 3.

### III.  LEGAL STANDARD

#### A.  Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

---

[3] On June 19, 2015, after Defendants' motions to dismiss the Third Amended Complaint were fully briefed, Plaintiff moved for leave to file a Fourth Amended Complaint. ECF No. 58. Judge Clark issued an Order denying leave to amend on August 20, 2015. ECF No. 68. On August 26, 2015, Plaintiff moved for reconsideration of Judge Clark's Order, ECF No. 69, which he denied on August 22, 2016, ECF No. 76.

### B. Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

### IV. **DISCUSSION**

Plaintiff's claims appear to challenge the validity of the Mortgage and Note on the following grounds: (1) the assignment of the Mortgage is defective due to Defendants' fraud, including its use of "robosigners"; and (2) the Note is void because the copy produced by Defendants includes a forged signature. See Compl. For the reasons set forth below, Plaintiff fails to state a claim for relief and Defendants' motions to dismiss are granted.

#### A. Defendant Freddie Mac

The 2014 Opinion found that because Plaintiff's Second Amended Complaint alleged only that that Freddie Mac was an investor in the 2002 loan, which was satisfied and discharged by the 2003 loan, it did not appear Freddie Mac was "a proper party to this action." 2014 Opinion at 4; Cf. In re Bridge, 18 F.3d 195, 201 (3d Cir. 1994) ("Generally, when a creditor advances funds to a debtor to pay an existing debt and takes a new mortgage to secure the loan . . . the old security [] was discharged."). Plaintiff's Third Amended Complaint repeats these same allegations and alleges no new facts giving rise to a claim against Freddie Mac. Moreover, in the course of this litigation, Freddie Mac has repeatedly and explicitly disclaimed any interest in Plaintiff's loans.

See ECF Nos. 18 at Ex. B, 32 at Ex. B, 37-2, 44-2. Plaintiff's Third Amended Complaint fails to cure the defects addressed in the 2014 Opinion. Accordingly, Plaintiff fails to state a claim against Freddie Mac, and Freddie Mac's motion to dismiss is granted.

### B. Defendants BANA and Fannie Mae

For the reasons set forth below, the Court finds Plaintiff lacks standing to challenge the assignment of the Mortgage and fails to state a claim for relief against Defendants BANA and Fannie Mae.

#### 1. Plaintiff Lacks Standing to Challenge the Assignment

Plaintiff lacks standing to challenge the assignment of the Mortgage. The "irreducible constitutional minimum of standing" under Article III of the Constitution includes the requirement that "the plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Moreover, the prudential standing requirement "normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves." Gilarmo v. U.S. Bank NA ex rel. CSAB Mortgage Backed Trust 2006-1, 643 F. App'x 97, 100 (3d Cir. 2016) (quoting Warth v. Seldin, 422 U.S. 490, 509 (1975) (internal quotation marks omitted)).

Courts in this jurisdiction have repeatedly found mortgagors do not have standing to challenge the assignment of their mortgages because they are not parties to or third-party beneficiaries of the assignment. See id. (agreeing with the "overwhelming majority of courts" that "a borrower in default has no standing to challenge an assignment said to violate a pooling service agreement"); Bauer v. Mortg. Elec. Registration Sys., Inc., 618 F. App'x 147, 149 (3d Cir. 2015) (finding the plaintiff's allegation that the assignment of his mortgage was invalid was insufficient

5

to support standing). Here, Plaintiff does not allege she was a party to or an intended beneficiary of the assignment. Moreover, she does not allege she has suffered an actual or imminent injury as a result of the assignment, such as making payments that were not due. See, e.g., Gilarmo, 643 F. App'x at 101 (finding the plaintiff failed to allege a concrete injury where "she d[id] not argue that she ever paid more than the amount due on her loan, or that she received a bill or demand from any entity other than the defendants."). Accordingly, Plaintiff lacks standing to assert claims for declaratory relief, fraud, or quiet title based on the assignment of the Mortgage. See Perez v. JPMorgan Chase Bank, N.A., No. 14-2279 (CCC), 2016 WL 816752 (D.N.J. Feb. 29, 2016) (dismissing claims for declaratory relief, fraud, and quiet title in part based on lack of standing to challenge the assignment).

### 2. Plaintiff Fails to State Cognizable Claims Based Upon Forged Signature

In addition to challenging the assignment of the Mortgage, Plaintiff alleges claims for declaratory judgment, fraud, and quiet title contending Defendants produced a copy of the Note for the 2003 loan with a signature and endorsement that do not appear on Plaintiff's copy of the Note. The Court finds Plaintiff fails to state a cognizable claim.

First, Plaintiff is not entitled to declaratory relief. The Declaratory Judgment Act provides: "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Before a federal court may grant a declaratory judgment, there must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment. Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987).

In this case, there is no immediate controversy warranting declaratory judgment. The Third

6

Amended Complaint does not allege Defendants have initiated a foreclosure action against Plaintiff, or that they have threatened to do so.[4] Therefore, Plaintiff has not alleged a substantial controversy to seek a judicial determination regarding Defendants' authority to ultimately foreclose on her property. See, e.g., Espaillat v. Deutsche Bank Nat. Trust Co., No. 15-314, 2015 WL 2412153, at *2 (D.N.J. May 21, 2015) ("[D]eclaratory relief requires a live controversy of sufficient immediacy between the parties. In contrast, here, there is no pending foreclosure action to make these allegations relevant."). Should Defendants seek to foreclose, Plaintiff will have the opportunity at that time to contest Defendants' ownership of the Mortgage and Note and their standing to foreclose.[5] Pillitteri v. First Horizon Home Loans, No. 14-03076 FLW, 2015 WL 790633, at *4 (D.N.J. Feb. 25, 2015) (citing U.S. Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 469 (2012) (noting New Jersey is a judicial foreclosure state, meaning a mortgagor may challenge before a judge the foreclosure plaintiff's standing to foreclose)).

Second, it is unclear whether Plaintiff seeks to bring fraud claims under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8–1 et seq., or under the common law fraud standard governed by Federal Rule of Civil Procedure 9(b). Accordingly, this Court will analyze Plaintiff's allegations under both standards.

---

[4] To the extent Defendants allege Plaintiff "has defaulted on her Loan and faces the prospect of foreclosure," ECF No. 43 at 2, Plaintiff still fails to allege that a foreclosure action is pending or impending and, therefore, there is no live controversy between the parties. Peters v. Countrywide Home Loans, Inc., 2016 U.S. Dist. LEXIS 64461, at *21 (D.N.J. May 17, 2016). "Instead, Plaintiff is essentially asking this Court to rule in [her] favor such that Plaintiff could challenge a future foreclosure action that Defendants may or may not ever institute. Plaintiff effectively seeks an advisory opinion, which this Court lacks constitutional authority to do." Kowalsky v. Deutsche Bank Nat'l Trust Co., 2015 WL 5770523, at *3 (D.N.J. Sept. 30, 2015) (citing Massachusetts v. E.P.A., 549 U.S. 497, 516 (2007)).

[5] To the extent Plaintiff also challenges Defendants' standing to foreclose based upon returned loan payments made by Plaintiff, Compl. at 8, Ex. 11, this argument is more properly brought as a defense to a foreclosure action.

7

To state a claim under the NJCFA, a complaint "must allege sufficient facts to demonstrate: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 97 (D.N.J. 2011) (citing Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372, 390 (2007)). Plaintiff fails to state an NJCFA claim, as she fails to plead an ascertainable loss of money or property as required by the statute. See N.J. Stat. § 56:8-19.

Under Rule 9(b), a plaintiff must plead "(1) a specific false representation of material facts; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." Hemphill v. Meyerson, 65 F. App'x 776, 778-79 (3d Cir. 2003). Plaintiff's fraud-based claim fails to satisfy the pleading requirements under Rule 9(b) because at minimum, Plaintiff fails to allege she relied upon Defendants' misrepresentations to her detriment. Accordingly, the Court finds Plaintiff has failed to set forth cognizable fraud claims.

Third, Plaintiff seeks quiet title to her property. New Jersey's quiet title statute permits a plaintiff to maintain an action to "clear up all doubts and disputes concerning" competing claims to land. N.J. Stat. § 2A:62-1. To state a claim for a quiet title action, a plaintiff must "describe the nature of the competing claims in his complaint." Andujar v. Deutsche Bank Nat. Trust Co., No. 14-7836, 2015 WL 4094637, at *4 (D.N.J. July 7, 2015) (internal citation and quotation marks omitted). "Merely alleging . . . the loan documents are invalid or improperly assigned does not state a claim for an action to quiet title." Id. "Moreover, it is a settled rule that in an action to quiet title the plaintiffs must rely upon the strength of their own title and not upon the weakness of that of the defendants." Oliver v. Bank of Am., N.A., No. 13-CV-4888 RMB, 2014 WL 1429605, at *2 (D.N.J. Apr. 14, 2014) (internal quotation marks omitted).

8

Here, Plaintiff has not adequately alleged the strength of her own title. Plaintiff does not dispute that she executed the Note and the Mortgage. In fact, Plaintiff admits that the signature and the endorsement are the only difference between the Note produced by Defendants and the one she signed at the closing. See ECF No. 74 at 4. She has not alleged that she paid off the Note and extinguished the Mortgage. Based on these facts, Plaintiff has failed to plausibly plead that she has superior title to the property over Defendants. See Gibbs v. Ginnie Mae, 2016 U.S. Dist. LEXIS 182757, *8 (D.N.J. Jan. 14, 2016), at *8. Accordingly, Plaintiff fails to state a claim for quiet title.[6]

## V.     CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the Third Amended Complaint are granted and the Third Amended Complaint is dismissed. To the extent a foreclosure action is brought against Plaintiff, this Opinion does not preclude Plaintiff from raising these issues within that action, or from bringing a new claim based on these facts. An appropriate Order accompanies this Opinion.

Date: March 21, 2017

**CLAIRE C. CECCHI, U.S.D.J.**

---

[6] To the extent Plaintiff seeks to re-open a prior bankruptcy proceeding, a letter to the Court in the instant action is an improper means to do so. See ECF No. 74 at 5. A bankruptcy case can be re-opened only by motion to the Court pursuant to 11 U.S.C. § 350(b).