**WINSTON & STRAWN LLP**

North America  Europe  Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

**JASON R. LIPKIN**
Attorney
+1 (212) 294-6647
jlipkin@winston.com

April 17, 2017

**VIA FEDERAL EXPRESS AND ECF**
Honorable Claire C. Cecchi
United States District Court for
The District of New Jersey
U.S. Courthouse
1 Federal Square
Newark, New Jersey 07102

**Re:**   Civil Action No. 13-CV-02028 (CCC) (JBC); *English v. Federal National Mortgage Association, et al.*

Dear Judge Cecchi,

Our firm represents Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae," and together with BANA, the "Defendants") in the above-referenced matter. We are in receipt of plaintiff Marilynn English's ("Plaintiff") "Motion for Reconsideration of Order and Opinion Dated March 21, 2017 Pursuant to Rule 60", filed March 28, 2017 (the "Motion," Doc. No. 82-1) and the brief submitted in support thereof (the "Brief," Doc. No. 82). Please accept this letter brief in lieu of a more formal opposition to Plaintiff's Motion.

### Standard on a Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "The movant under Rule 60(b) bears a heavy burden, which requires more than a showing of the potential significance of the new evidence… Rule 60(b) motions [are viewed] as

WINSTON & STRAWN LLP

North America Europe Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

extraordinary relief which should be granted only where extraordinary justifying circumstances are present. *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (internal citations omitted).

### Argument

Plaintiff's Motion fails to meet this high burden and does not present "manifest errors of law" or new evidence. Instead, Plaintiff continues to assert arguments which have been raised in numerous complaints and motions filed over the past three years in this action. In regards to BANA and Fannie Mae, Plaintiff argues the Court erred by not addressing her arguments relating to: 1) Plaintiff's standing to challenge an assignment; 2) Plaintiff's allegations of forgery; and 3) Plaintiff's claims for declaratory judgment, fraud, and quiet title.

The issue of borrower challenges to assignments is in fact addressed in the Court's well-reasoned opinion (the "Opinion," Doc. No. 80). *See* Opinion pgs. 5-6. The Court cited several appellate decisions stating borrowers do not have standing to challenge the assignment of their mortgages, and Plaintiff offers no legal authority in her Brief to show the 3rd Circuit Court of Appeals has reversed itself or that there has been an intervening change in any applicable law. *See generally* Brief; Opinion at pg. 5. As such, Plaintiff fails to show "manifest errors of law," and there is no basis for reconsideration on this issue.

Second, as to claims surrounding the subject note, the Court declined to grant declaratory relief and noted there is no immediate controversy warranting declaratory judgment as no foreclosure action is currently pending. The Court went so far as to state that if a foreclosure action is in fact initiated, Plaintiff would not be precluded from raising claims related to the note in the foreclosure action or in a new claim. *See* Opinion pg. 9. In her Motion and Brief in support thereof,

**WINSTON & STRAWN LLP**
North America  Europe  Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

Plaintiff offers no law or new evidence which shows an immediate controversy warranting declaratory relief exists.  Thus, there is no basis for reconsideration as to the note-related claims.

Next, Plaintiff altogether fails to address the Court's Opinion as it relates to fraud claims and the deficiencies in her claims.  *See generally* Brief; Opinion pg. 8. Thus, there is no basis for reconsideration on this issue.

Finally, Plaintiff does not address the factual deficiencies of her quiet title claim – such as the fact she has not paid off the subject note and extinguished the subject mortgage – or address the decisions cited by the Court in regards to the pleading requirements to state a cause of action for quiet title in New Jersey.  Instead, Plaintiff cites generally to a California state appellate decisions and rehashes arguments which have been previously made and addressed by the Court.  Again, Plaintiff fails to meet the heavy burden required in order to obtain relief under Rule 60, and reconsideration is not warranted.

## Conclusion

The Court has considered on multiple occasions, through various motions and complaints (this being the third), all aspects of the instant litigation.  Plaintiff's Motion fails to meet the high standard for a Rule 60 motion, as it offers no new evidence and fails to present any manifest errors of law.  BANA and Fannie Mae, therefore, respectfully request that your Honor deny Plaintiff's Motion. Should your Honor require anything further, please do not hesitate to contact the undersigned.

Kind regards,

By: */s/ Jason R. Lipkin*

cc:   Marilyn English, pro se
      Vladimir V. Palma, Esq.



200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017, the foregoing was filed via ECF and served upon Plaintiff by Federal Express to:

Marilynn English
97 Pease Avenue
Verona, New Jersey 07044

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*s/ Jason R. Lipkin*

Dated April 17, 2017